Filed 1/13/15  P. v. Miller CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES LAWRENCE MILLER,<br><br>Defendant and Appellant. | C074725<br><br>(Super. Ct. Nos. CM036781, CM037186 & CM037187) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant James Lawrence Miller pleaded no contest to assault with a firearm (Pen. Code, § 245, subd. (a)(2)[2]; case No. CM036781, count 2), willfully evading a peace officer (Veh. Code, § 2800.2, subd. (a); case No. CM037186, count one), and failure to appear while on bail (§ 1320.5; case No. CM037187). He admitted an allegation that he was released from custody on bail or his own recognizance at the time of his failure to appear. (§ 12022.1.) In exchange, three related counts, several related allegations, and two unrelated cases (case Nos. CM037344 & SCR89688) were dismissed with a *Harvey* waiver.[3]

Defendant was sentenced to prison for seven years four months, awarded 27 days' custody credit and 26 days' conduct credit, ordered to make restitution to his victims, and ordered to pay a $240 restitution fine (§ 1202.4) in each case, a $240 restitution fine suspended unless parole is revoked (§ 1202.45) in each case, an $850 fine (§ 672) including a $40 court operations fee (§ 1465.8, subd. (a)(1)), a $30 court facilities assessment (Gov. Code, § 70373) in each case, and a single $736 probation report fee (§ 1203.1, subd. (b)).

## Assault with a Firearm

On July 2, 2012, Oroville Police Department officers were dispatched to an apartment regarding a gunshot victim. Upon arrival, the officers met with Keith M., who was holding his chest, appeared to be in pain, and stated that he had been shot in the chest. Keith M. stated he had been shot in front of an inn by a white male adult who

---

[1] Because these matters were resolved by plea, our statement of facts is taken from the probation officer's report.

[2] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

2

"was trying to rob him and take his money." Keith M. did not know the assailant who, prior to the shooting, had disclosed that he was staying in room 108 of a local motel. The officer recalled that on the previous day, he and another officer had contacted defendant and a female at that motel room. Keith M.'s description of his assailant matched that of defendant. The motel manager confirmed that defendant had been the tenant of that room. The room was searched and was found to be empty.

Later, an officer met with Keith M. in the trauma unit. Keith M. stated he had been staying at the inn. He answered a knock at the door and saw two men: Christopher D., whom he had known for more than a year, and defendant. Defendant pointed a revolver at Keith M.'s chest and said "Give me your shit!" Keith M. responded that defendant might as well shoot him because he "didn't have any shit." Defendant shot Keith M. once in the chest.

The officer conducted a photo lineup. Keith M. positively identified Christopher D. as the person he saw when he opened the door. Keith M. positively identified defendant as the person who shot him.

Four days later, defendant went to the Oroville Police Department to retrieve his identification card. He was taken into custody and denied shooting Keith M. or being involved in a shooting.

### Failure to Appear

On August 29, 2012, defendant failed to appear in court after having been released from custody.

### Evading a Police Officer

On September 2, 2012, an Oroville Police sergeant observed defendant, whom he knew from prior contacts, driving a vehicle. Dispatch confirmed that defendant did not have a driver's license. The officer attempted to catch up to defendant, who appeared to be evading him. Defendant drove at high speed through an alley. The officer activated his patrol car's emergency lights. Defendant looked toward the officer and accelerated.

3

Defendant traveled at 50 to 80 miles per hour within a residential area. He passed through several intersections without stopping or slowing down for the posted stop signs.

The officer observed defendant turn and stop in the driveway of a mobile home park. The officer positioned his patrol car to block defendant's exit, but defendant backed into the patrol car with enough force to push it backwards. The officer tried to disable defendant's car by striking it with his push bumper.

Defendant drove onto the sidewalk where he knocked down a tree and a street sign. Defendant fled from his car as another officer arrived on the scene. The officer grabbed defendant's hand and tried to place him in a control hold. When defendant failed to comply, he was ordered to stop resisting and lie on his stomach. When he refused to comply with those directives, officers used a Taser to immobilize defendant and take him into custody.

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.


                                                            MURRAY            , J.


We concur:



        NICHOLSON        , Acting P. J.



        MAURO            , J.


5